HERVEY *v.* ILLINOIS MIDLAND RAILWAY Co. and others.

*(Circuit Court, S. D. Illinois. July 31, 1880.)*

1. REMOVAL—BOND.—An irregularity or defect in the form of a removal bond will be deemed waived after the expiration of 18 months, where the cause was removed with the consent of all parties.

2. SAME—CITIZENSHIP.—An objection to the removal, founded upon the citizenship of one of the parties to the suit, will not be favored after the expiration of 18 months.

3. SAME—LIMITATION—EVIDENCE.—It should affirmatively appear, under the circumstances of this case, that the cause might have been tried at a term before that at which the application for removal was made.

Motion to Remand.

*Bishop & McKinley,* for complainant.

*Crew & Ewing,* for bondholders and receiver.

DRUMMOND, C. J. The original bill was filed in the Edgar county circuit court on the eleventh day of September, 1875. The parties were a stockholder and judgment creditors of the

various corporations from which the Midland Railway Company was formed. At the time the bill was filed a receiver was appointed, clothed with the usual powers conferred upon such an officer. Afterwards, the bill was amended by making other persons parties plaintiff as judgment and general creditors of the companies out of which the Midland Railway was formed, those companies being the Paris & Decatur Railroad Company, Paris & Terre Haute Railroad Company, and the Peoria, Atlanta & Decatur Railroad Company. Warring Brothers & Co., who were made parties by the amended bill, were owners of stock and bonds. Afterwards, Grant & Brother were made parties defendant by order of the court, and answered the bill; and subsequently, James F. Secor, being the trustee of the Peoria, Atlanta & Decatur Railroad Company mortgage, given to secure bonds issued by that company, and the Paris, Atlanta & Decatur Railroad Company, and the Paris & Terre Haute Railroad Company, were made parties defendant. At the March term, 1877, the Illinois Midland Railway Company, defendant, filed an answer to the bill. Afterwards, the answer of the Paris & Terre Haute Railroad Company and Paris & Decatur Railroad Company was filed; and at the September term, 1877, the Union Trust Company was made, on its own motion, a party defendant. In its petition the Union Trust Company set out the particular circumstances connected with its relations to the property, and the issuance of bonds by the different companies, and the formation of the Midland Company out of the others, and declared that it was the real party in interest as against the complainants. The various trust deeds were set out.

There seems to be a question whether or not there was an order made by the state court dismissing the bill and amended bill, as to some of the parties who are citizens of foreign countries. Mr. Crea files an affidavit, alleging that there was not only a motion made directing their dismissal, but that it was granted by the court; and in the transcript which is filed in this court there seem to be some leaves missing, which apparently corroborates the statement of Mr. Crea. The written motion appears in the record. The court and all the

parties to the litigation seem to have acted on the assumption that the bill was dismissed as to foreign citizens and subjects. Various other orders were made by the state court, (which, however, it is not necessary particularly to refer to,) allowing different parties to come in who are creditors of the Illinois Midland Railway Company, or of the other companies.

On April 6, 1878, the Union Trust Company filed a petition for the removal of the cause to the federal court, alleging it was the real party in interest as against the general creditors of the company, and that there was a controversy between citizens of different states which could be wholly determined as between them.

The petition alleged that the various parties before mentioned, who had been made complainants by the several amended bills, and *who were citizens of other countries, had been dismissed from the suit.* The state court, on the same day, (April 6, 1878,) made an order removing the cause to this court. The order recites that the court finds the allegations in the petition praying for a removal to be true, and that the petitioner was entitled to remove the cause under the act of congress; and recites, further, that all parties to the cause were willing and consented, having appeared in court for that purpose, to the prayer of the petition for the removal of the cause; and also recites that the petitioner presented a bond, as required by the act of congress, which was approved by the court. The cause was accordingly, upon this petition, by order of the court, removed to the federal court at that time, and that court, without objection, took jurisdiction of the cause, and another receiver was appointed by the federal court, different from the one who had been appointed by the state court, and he acted under the orders of the federal court; and indeed it may be said that the circuit court of the United States appeared to have entire jurisdiction and control of the cause, and the receiver operated the road under its direction from the time that it was removed, and has been doing so up to the present time.

Of course, under these circumstances, even if it were admitted that the bond is irregular, or objectionable in form, it

is too late to make that objection. Such an irregularity, or defect, can undoubtedly be waived by the action of the parties; and after all parties agreed, as they did at the time, to the removal of the cause, and left the federal court in jurisdiction of the case, without objection, till the motion which is now the subject of consideration, to remand the cause to the state court, was made on October 28, 1879, the objection to the form of the bond comes too late.

It ought to be stated that there are allegations made by the different railroad companies that the property covered by the various mortgages is entirely inadequate to pay the mortgage debts, and that none of the companies have any real interest in the controversy, each one admitting that the burdens upon the property are far beyond its real value. It would seem, therefore, to be a controversy between the bond-holders or trustees of the various mortgages and the other creditors of the respective companies, and if in that controversy there are arrayed citizens of the United States on one side, and citizens of the United States on the other, the former being citizens of different states from the latter, then it would seem that the court ought to take jurisdiction of the cause. Mr. Secor, the trustee, as well as the Union Trust Company, asks for the removal of the cause to the federal court. Each of these parties is a citizen of the state of New York; the other parties are all citizens of different states— Illinois, Indiana, Missouri, and perhaps other states. There seems to be an affidavit, made on October 13, 1879, long after the cause was removed, of Swan Swanson, in which he states that on the sixth of April, 1878, when the application was made to the state court for removal, he was not a citizen of the United States, but was at that time a citizen and subject of Sweden. The petition in the state court praying for removal mentions the name of Swan Swanson as a citizen of Illinois, among others named as creditors of the various railroad companies, and in one of the amendments to the bill which was filed he is named, among others, as a judgment or general creditor of the companies, and his debt stated to be $215.75. This is all we know of the character of his debt,

and his citizenship is not stated until October 13, 1879, and the affidavit in which that statement is made was not filed until June 25, 1880.

Under the circumstances this can hardly be considered sufficient to deprive the court of jurisdiction of the case, after the lapse of so much time, and after the court has, for so long a time, taken and exercised control of the case, and after the railroad has been operated under the authority of the court. If Swanson is a creditor of the Midland road, or any one of the railroad companies, as a holder of bonds or coupons which are represented by the trustees, respectively, then there is no controversy between Secor and the Union Trust Company and him, and indeed the whole subject connected with his interest in the property is so vague and indefinite in detail, and coming in at so late a day, that any objection founded on his citizenship cannot be favored by the court.

The objection which is taken, that the application was not made in time, viz., at the first term of the state court at which the cause might have been tried, can hardly be considered founded on facts which appear in the record. Under the circumstances in this case, it should affirmatively appear that the cause might have been tried at a term before that at which the application was made.

NOTE.—See *Van Allen* v. *Atchison, Colorado & Pacific Railroad Co., ante,* 545.